**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

MAHAD IBRAHIM,

Defendant.

Case No. 22-CR-124 (3) (NEB/DTS)

PRELIMINARY ORDER OF
FORFEITURE

---

Based on the United States' Motion for a Preliminary Order of Forfeiture; on the Superseding Indictment; on the Plea Agreement between the United States and Defendant Mahad Ibrahim in which Defendant pled guilty on Counts 5 and 36 of the Superseding Indictment; on the Declaration of Pauline Roase; and on the Court having found that certain property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1), the United States has established the requisite nexus between such property and the offenses to which the Defendant has pled guilty, IT IS HEREBY ORDERED that:

1. The United States' Motion for a Preliminary Order of Forfeiture (ECF No. 960) is GRANTED;

2.      The following property is forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1) and 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c):

   a.  The real property located at 5657 Maple Drive, Lewis Center, Ohio;

3.  The following property is forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c):

   a.  $1,842,797.55 seized from US Bank account number 104785323379, held in the name of ThinkTechAct Foundation;

   b.  $456,968.36 seized from Spire Credit Union account number 752231-00, held in the name of MIB Holdings LLC; and

   c.  $448,285.14 seized from Spire Credit Union account number 752231-11, held in the name of MIB Holdings LLC;

4.      A money judgment forfeiture is entered against Defendant pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in the amount $7,324,412;

5.      Defendant shall receive a credit against the money judgment forfeiture for the net forfeiture value of each asset that is forfeited from him in connection with this case;

6.      Defendant is ordered to forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2)(C), any property, real or

personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the fraud scheme alleged in Count 5 of the Superseding Indictment;

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and (c)(1)(B), and 21 U.S.C. § 853(m), the United States may conduct discovery as to Defendant to identify property subject to forfeiture under the terms of this order and to address any factual issues raised by a third-party petition filed pursuant to Fed. R. Crim. P. 32.2(c);

8. The United States shall, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), publish and give notice of this Order and its intent to dispose of the Property in such manner as the Attorney General may direct;

9. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment; and

10. This Court shall retain jurisdiction to enforce this Order, and to amend it as

necessary pursuant to Fed. R. Crim. P. 32.2(e).

Dated: April 3, 2026                    BY THE COURT:

                                        s/Nancy E. Brasel
                                        Nancy E. Brasel
                                        United States District Judge